IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:11CR284

MARTIUS HARDING

## MEMORANDUM OPINION

On March 29, 2012, the Court sentenced Martius Harding to a four-year term of probation. (Judgment in a Criminal Case 2.) On November 27, 2012, the Court revoked Harding's probation and sentenced him to eighteen months of incarceration. (Order (ECF No. 49) 1.) Harding appealed his conviction and sentence and that appeal is currently pending before the United States Court of Appeals for the Fourth Circuit.

On February 4, 2013, the Court received a 28 U.S.C. § 2255 motion from Harding. It is well-settled, however, that a motion under section 2255 should not normally proceed while an appeal from the conviction is pending. See Rules Governing Section 2255 Proceedings for the United States District Courts, advisory committee's note to Rule 5 (explaining that "'the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances'" (quoting Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968)). Harding articulates no such extraordinary circumstances. Accordingly,

Harding's 28 U.S.C. § 2255 motion (ECF No. 54) will be denied without prejudice to refile upon the conclusion of his direct appeal. A certificate of appealability ("COA") will be denied.[1]

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Harding and counsel for the United States.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 13, 2013
Richmond, Virginia

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Harding fails to satisfy this requirement.

2